UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC Bank, National Association,

    Plaintiff,

v.                                                Case No.  11-14445

Burtek, Inc.,                              Honorable Sean F. Cox

    Defendant.

_____/

## OPINION AND ORDER

This case stems from a receivership action that was initially assigned to Judge Victoria Roberts, but later reassigned to this Court after Judge Roberts disqualified herself. (Doc. #175). While the case was before Judge Roberts, she authorized the sale of Burtek Inc. to Burtek Enterprises, Inc. (Doc. #51, Sale Order). This Court's role after the reassignment was minimal and involved approval of receiver fees. The case was closed on April 16, 2014. (Doc. #187).

This matter is now before the Court on the following two motions: (1) Burtek Enterprises' "Emergency Motion to Reopen the Case for Purposes of Enforcing this Court's January 31, 2012 Sales Order and Staying the Pending State Administrative Proceedings Regarding Successorship" (Doc. #189); and (2) the Michigan Unemployment Insurance Agency's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)."[1] (Doc. #196).

---

[1] Neither Burtek Enterprises nor the Michigan Unemployment Insurance Agency were parties to the receivership matter. Burtek Enterprises alleges standing to enforce the Court's Sale Order pursuant to Fed. R. Civ. P. 71. The Michigan Unemployment Insurance Agency (the "Agency") was permitted by this Court to intervene pursuant to Fed. R. Civ. P. 24(b)(2).

1

For the reasons below, Court shall **VACATE** its show cause order filed on November 23, 2015 because Burtek Enterprises has sufficiently established standing to bring its motion. Moreover, the Court shall **GRANT** the Agency's motion to dismiss pursuant to Rule 12(b)(1) because sovereign immunity bars the relief requested in Burtek Enterprises' Motion to Reopen.

## BACKGROUND

### I. Factual Background

The instant action arises from a January 2012 Sale Order authorizing the purchase of Burtek, Inc. to Burtek Enterprises, Inc. The following background information is relevant to provide context to the motions presently before the Court.

#### A. The Receivership Action - Sale of Burtek, Inc.

In 2011, Burtek, Inc.'s lenders forced an involuntary bankruptcy of Burtek, Inc. On October 11, 2011, this Court entered an Order Appointing Receiver and Granting Related Relief. (Doc. # 3). Accordingly, Barry Lefkowitz was appointed as "the Receiver of all real tangible and intangible property owned by defendant Burtek, Inc. ..." *Id.*

On January 31, 2012, Judge Roberts approved the sale of Burtek, Inc. and entered an "Order (1) Authorizing Receiver to Sell Assets, (2) Approving and Confirming Sale of Assets Free and Clear of Any and All Liens, Mortgages, Claims, Security Interests and Other Encumbrances of Any Kind or Type, and Transferring Them to the Net Proceeds of Sale, and (3) Granting Related Relief." (Doc. #51, Sale Order). The court-approved sale of Burtek, Inc. closed on February 2, 2012. (Schrage Aff. ¶ 10).

The Sale Order stated, in relevant part, that:

IT IS HEREBY FOUND AND DETERMINED THAT:

B. The Receiver has articulated good and sufficient reasons to support this Court's approval of the Assets Purchase Agreement dated January 6, 2012, as amended on January 27, 2012 (as amended, the "Purchase Agreement")...

C. The Purchase Agreement was negotiated at arm's length and all aspects of thereof are commercially reasonable.  The Buyer is a good faith purchaser for value.

. . . .

J. There is no relationship between the owners of Buyer and the owners of Burtek, Inc. or between the owners of Buyer and the Receiver.

. . . .

L. Buyer does not assume any liabilities of Burtek, Inc., except as expressly set forth in the Purchase Agreement.

M. Buyer and its designees are not successors to or mere continuations of Burtek, Inc. and the transaction resulting from the Purchase Agreement is not a de facto merger.

. . . .

THEREFORE, IT IS THAT:

4. The Receiver is authorized and directed to sell the Assets in accordance with the terms of the Purchase Agreement, free and clear of any and all liens, mortgages, claims, security interests and encumbrances of any kind or type whatsoever (the "Liens")...

. . . .

14. This Court shall retain jurisdiction over any matter of dispute arising from or relating to the implementation of this Order, including, but not limited to any claim or cause of action seeking a ruling or relief that is inconsistent with this Order or any of the findings of fact or conclusions of law set forth herein.  The jurisdiction retained includes, but is not limited to the Court's ancillary enforcement jurisdiction.

(Sale Order, at 2-8).

### B.     Burtek Enterprises and The Agency

On March 19, 2012, the court-appointed receiver submitted a Discontinuance or Transfer of Payroll or Assets in Whole or Part form to the Agency. (Ex. E to Burtek Enterprises' Resp., UIA Form 1772). In it, the receiver advised the Agency that Burtek Enterprises had acquired 93% of Burtek, Inc.'s assets. *Id.* at 000082. Based on the receiver's submission, the Agency mailed Burtek Enterprises a Notice of Determination of Employer Status. (Ex. C to Doc. #196-1). The notice indicated that Burtek Enterprises had acquired 75% or more of its predecessor, Burtek Inc.'s, assets. *Id.* The notice also stated that as a successor employer, Burtek Enterprises may be liable for the unpaid tax and interest of Burtek, Inc. *Id.* The notice advised that this determination would become final unless an application for review was received by the Agency within 30 days. *Id.* Burtek Enterprises failed to respond. (Schrage Aff. ¶21).

On or about November 15, 2012, the receiver filed an Amended Discontinuance or Transfer of Payroll or Assets in Whole or Part form, wherein he indicated that Burtek Enterprises had only acquired 35% (as opposed to 93%) of Burtek Inc.'s assets and had only retained 74% of Burtek, Inc.'s employees. (Ex. F to Burtek Enterprises' Resp., Amended UIA Form 1772).

Following the submission of the amended form, representatives of Burtek Enterprises[2] engaged in ongoing communications with representatives from the Agency regarding the Agency's successorship determination. (Ex. G to Burtek Enterprises' Resp., Frissell Aff. ¶ 5).

On August 28, 2013, Rick Frissell, Senior Manager at SALT, emailed the amended UIA form, along with a balance sheet, to McConnell Adams of the Agency. (Ex. G to Burtek

---

[2] Burtek Enterprises hired SALT, a payroll consulting group, to review its unemployment taxes and acquisitions.

Enterprises' Br.). The email explained that Burtek Enterprises should be treated as a new employer and should not receive a mandatory transfer of experience since it acquired less than 75% of Burtek, Inc.'s assets. *Id.*

On November 21, 2014, Robert Neuman of SALT requested a reversal of the Agency's April 2012 determination as to the transfer of experience rating and successorship. (Ex. H to Burtek Enterprises' Br.). The Agency denied Burtek Enterprises' request for a redetermination on the basis that it was untimely filed. (Ex. I to Burtek Enterprises' Br.)

On December 23, 2014, Neuman sent an appeal from the Agency's denial of redetermination and requested a hearing. (Ex. J to Burtek Enterprises' Br.). Administrative Law Judge Lisa Dahlquist for the Michigan Administrative Hearing System conducted hearings on December 18, 2015, and January 15, 2016, regarding Burtek Enterprises' request for a redetermination of the Agency's successorship determination. To the Court's knowledge, the ALJ has not yet issued an opinion.

## II.     Procedural Background

Burtek Enterprises filed its "Motion to Reopen Case For Purposes of Enforcing This Court's January 31, 2012 Sales Order and Staying the Pending State Administrative Proceedings Regarding Successorship" on November 6, 2015. (Doc. #189, Burtek Enterprises' Br.). Burtek Enterprises argues that the Agency's successorship determination is in direct conflict with the Sale Order issued by Judge Roberts. On November 10, 2015, the Agency filed an unopposed Motion to Intervene for the limited purpose of seeking dismissal of Burtek Enterprises' motion. (Doc. #191). The Agency was permitted to intervene. (Doc. #195). On that same date, the

Agency filed a Response to Burtek Enterprises' emergency motion.[3]

On November 23, the Court filed a Show Cause Order as to Burtek Enterprises' standing to bring its motion to reopen. (Doc. #192). In it, the Court noted that Burtek Enterprises was not a party to the receivership action and ordered Burtek Enterprises to apprise the Court of reasons why it should not strike the motion. *Id.* Burtek Enterprises responded to the Court's order on November 25, 2015. (Doc. #193, Burtek Enterprises' Show Cause Resp.). Because the Court has not yet vacated the show cause, it will be addressed below.

The Agency filed its Motion to Dismiss on January 11, 2016. (Doc. #196, Agency's Br.). The Agency argues, *inter alia*, that the Court lacks jurisdiction over this action. Burtek Enterprises filed its Response on February 1, 2016. (Doc. #197, Burtek Enterprises' Resp.).

**ANALYSIS**

**I.      Burtek Enterprises Has Standing To Bring Its Motion**

As an initial matter, Burtek Enterprises has sufficiently established standing to bring its motion. Burtek Enterprises states that it brings its motion pursuant to Federal Rule of Civil Procedure 71. Rule 71 provides that "when an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." FED. R. CIV. P. 71. Burtek Enterprises additionally cites *Farmers & Merchs. State Bank v. Direct Scaffold Servs. Co., LLC*, 2015 WL 796619 (M.D. Tenn. Feb. 25, 2015), for the proposition that Rule 71 applies to a buyer of assets in a commercial transaction. In *Direct Scaffold*, the court determined that the buyer of assets in a receivership had standing to request

---

[3] Based upon the arguments set forth in the Agency's response brief, the Court ordered that the Agency file a motion to dismiss no later than January 11, 2016.

enforcement of the sale order based upon Rule 71. *Id.* at *3. The court found that the following facts established the buyer's standing, notwithstanding the fact that the buyer was a non-party to the receivership: (1) the Order directly benefitted and was in favor of the buyer; (2) the buyer was explicitly named in the order as the "Successful Bidder"; (3) the Order approves the sale of assets to the buyer; and (4) the Order provides that the buyer "shall take the Assets free and clear of all liens, claims or interests to attach to the proceeds of the sale..." *Id.*

Like in *Direct Scaffold*, it is clear that the Court's January 2012 Sale Order was made in favor of Burtek Enterprises.

**II.    The Agency's Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion pursuant to 12(b)(1) alleges that the court does not have subject matter jurisdiction over the claims as presented. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction may be challenged facially or factually. *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). "Facial attacks challenge the sufficiency of the pleading itself..." *Rehab Management Solutions, LLC v. Diversa Care Therapeutics, Inc.*, 2011 WL 4088300 at *3 (E.D. Mich. Sept. 14, 2011). "Factual attacks, in contrast, challenge 'the factual existence of subject matter jurisdiction... the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.*

The party invoking federal jurisdiction bears the burden of proving same. *Dismas Charities, Inc. v. United States DOJ*, 401 F.3d 666, 671 (6th Cir. 2005).

### A. The Court Lacks Subject Matter Jurisdiction Over Burtek Enterprises' Pending Motion

In its motion to dismiss, the Agency asks the Court to enter an order dismissing Burtek Enterprises' motion. The Agency advances the following five arguments in support of its position: (1) the Court lacks subject matter jurisdiction because Burtek Enterprises' claims are barred by sovereign immunity; (2) the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act; (3) an injunctive order cannot bind non-parties; (4) Burtek Enterprises' requested relief is barred by laches; and (5) the Court should abstain from reviewing the State's unemployment insurance tax program. (Agency's Br. at vi).

The Court shall dismiss Burtek Enterprises' motion for lack of subject matter jurisdiction because it is barred by sovereign immunity. Accordingly, the Court need not address the Agency's remaining arguments.

#### 1. Sovereign Immunity

In its first argument, the Agency contends that "Burtek Enterprises' attempt to litigate a state tax matter in federal court is barred by sovereign immunity." (Agency's Br. at 4). Since the State of Michigan has not expressly consented to suit in federal court, the Agency argues that the Eleventh Amendment bars Burtek Enterprises' claims against it. The Eleventh Amendment specifically states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. This constitutional provision has been interpreted to bar suits in federal courts against a state, its agencies, and officials sued in their official capacities, unless immunity has been expressly waived by the State or Congress. *Pennhurst State School and Hospital v.*

*Halderman*, 465 U.S. 89, 119-20 (1984).  A suit against state officials is barred by the Eleventh Amendment when "'the state is the real, substantial party in interest.'"  *Id.* at 101 (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)).  Thus, generally, the "'rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'"  *Id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).

Burtek Enterprises asserts that the Agency's motion "seeks to strip this Court of its ability to enforce its Sale Order by relying on sovereign immunity."  (Burtek Enterprises' Resp. at 8).  Rather than bring suit against the Agency, Burtek Enterprises claims that its motion "simply seeks for this Court to enforce its previously issued Sale Order."  *Id.* at 9.  To support its position, Burtek Enterprises reminds the Court that the Agency is not named as a party to the receivership action.  *Id.* at 8.  Burtek Enterprises' position fails for a number of reasons.

Initially, Burtek Enterprises mischaracterizes the relief it seeks.  In its motion, Burtek Enterprises specifically requests the following:

- A. That this Court enter an order enforcing the Sale Order and confirming that Burtek Enterprises is not a successor of Burtek, Inc., for any reason, including, but not limited to, for purposes of transferring unemployment experience ratings under Michigan State Law;

- B. That this Court **order that the UIA [the Agency] assign to Burtek Enterprises an unemployment experience rating applicable to new employers**, retroactive to February 2, 2012;

- C. That this Court **order that the UIA [the Agency] refund to Burtek Enterprises any overpayments** since February 2, 2012, resulting from the improper attribution of Burtek, Inc.'s experience rating to Burtek Enterprises;

- D. That this Court enter an order staying the pending State Administrative proceedings; and

- E. That this Court order any other relief as this Court may deem just and fair.

9

(D.E. No. 189, Burtek Enterprises' Br. at 17) (emphasis added).  Thus, while it is true that the Agency has not been named as a party to the receivership action, Burtek Enterprises' motion directly requests an order from the Court compelling the Agency to act in a certain manner.

Morever, Burtek Enterprises has not supported its position with any substantive analysis or applicable law.  In advancing its argument against sovereign immunity, Burtek Enterprises merely states that the Agency's position "would permit a state taxing agency to intervene and rewrite [every receivership] transaction[,]" since all receivership transactions "will have tax implications on some state taxing agency..."  *Id.* at 9.  In making this argument, however, Burtek Enterprises wholly disregards the fact that its motion identifies the Agency and asks the Court to order injunctive relief against it.  Without citation to a single case in support, Burtek Enterprises would essentially have this Court turn a blind eye to the issue of sovereign immunity and, instead, compel an unconsenting state agency to act or refrain from acting.

Burtek Enterprises should not be permitted to use the Court's Sale Order to circumvent sovereign immunity.  If a direct action filed by Burtek Enterprises against the Agency asking for the same injunctive relief would be barred by sovereign immunity, it stands to reason that this motion is barred as well.[4]

**CONCLUSION**

For the reasons set forth above, the Court shall **VACATE** its November 23, 2015 Show

---

[4] Additionally, the relief Burtek Enterprises seeks from the Court goes beyond the provisions contained within the Court's Sale Order. Burtek Enterprises alludes to the fact that the Agency's successorship finding is in direct conflict with the Sale Order issued by Judge Roberts. While it is true that the Sale order made a finding of fact as to successorship, that finding was not premised upon an assessment of taxes under the Michigan Employment Security Act.

Cause Order.  (Doc. # 192).  It is further ORDERED that the Agency's Motion to Dismiss is

**GRANTED**.  Accordingly, Burtek Enterprises' Emergency Motion to Reopen is **DISMISSED**.

    **IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  May 13, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager